UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK J. WARFIELD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MCNAUGHTON NEWSPAPER DAILY REPUBLIC, et al.,<br><br>　　　　　　Defendants. | No.  2:22–cv–1951–DAD–KJN PS<br><br><u>ORDER and</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u><br><br>(ECF No. 4.) |

Plaintiff, who is proceeding without counsel in this action, previously requested leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). The undersigned granted plaintiff's IFP application, screened the complaint, and recommended dismissal of the federal claims with prejudice and dismissal of any potential state law claims without prejudice. (ECF No. 3.) Plaintiff filed a first amended complaint ("1AC") within 21 days, which is allowed as a matter of right. Fed. R. Civ. P 15(a). However, given plaintiff is proceeding in forma pauperis, this first amended complaint must also be screened. 28 U.S.C. § 1915. For the reasons that follow, the federal claims in the first amended complaint should be dismissed with prejudice and the state law claims should be dismissed

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

without prejudice.

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). If amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, as best the court can tell, plaintiff alleges defendant McNaughton posted false information about plaintiff and one of plaintiff's cases in this court (2:22-cv-82). Plaintiff's first amended complaint cites the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S.

2

1  Constitution, and seeks monetary damages, among other relief.  (See ECF No. 4.)

2  Claims for violations of an individual's civil rights under the U.S. Constitution are
3  brought under 42 U.S.C. § 1983 for actions taken under color of law.  Gomez v. Toledo, 446 U.S.
4  635, 639 (1980).  Generally speaking, such claims cannot not lie against a private individual or
5  business entity that does not act under color of law.  See Franklin v. Fox, 312 F.3d 423, 444 (9th
6  Cir. 2002).  Here, it appears defendants McNaughton Daily Republic Newspaper and one of its
7  reporters, Jess Sullivan, are private citizens, and so plaintiff's complaint fails to state a claim on
8  which relief may be granted for any constitutional violations.  Naffe v. Frey, 789 F.3d 1030, 1039
9  (9th Cir. 2015) "([A] bare claim of state action does not withstand a Rule 12(b)(6) motion.").

10  Plaintiff also cites to various other federal statutes, including "[18 U.S.C.] 1725 protection
11  of government processes – obstruction of pending proceeding"; "U.S.C. 18 § 1505 § 1512
12  Tampering with a witness"; "18 U.S.C § 249 James Byrd Jr. Hate Crime Act"; "18 U.S.C. § 1038
13  false information and hoaxes by media"; and Federal Rule of Civil Procedure 26(c).  Plaintiff, as
14  a private citizen, has no authority to bring claims under criminal statutes such as those in Title 18.
15  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006).  Further, Rule 26(c)
16  concerns protective orders in civil cases and does not create a cause of action.  Any attempt by
17  plaintiff to state a claim under these provisions is legally frivolous.

18  In the 1AC's narrative, plaintiff also mentions defamation and libel.  (ECF No. 4 at 4.)  To
19  the extent plaintiff is attempting to raise a state-law claim for defamation or libel, the court is
20  without original jurisdiction for these claims.  Because these are state-law claims, they do not
21  arise under federal law.  Further, diversity jurisdiction appears to be lacking because plaintiff and
22  defendants are all California citizens.  See 28 U.S.C. §§ 1331; 1332(a) (instructing that a federal
23  district court generally has original jurisdiction over a civil action when: (1) a federal question is
24  presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2)
25  there is complete diversity of citizenship and the amount in controversy exceeds $75,000).
26  Though jurisdiction may have existed under the supplemental jurisdiction, the undersigned
27  recommends declining such jurisdiction as it is recommended all claims giving rise to original
28  jurisdiction should be dismissed.  See 28 U.S.C. § 1367(c)(3).

Finally, given plaintiff's alleged factual scenario, the court finds plaintiff is unlikely to be able to cure the defects in the complaint. Thus, the court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339.

### ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that the previous findings and recommendations on the original complaint (ECF No. 3) are WITHDRAWN.

Further, it is RECOMMENDED that:

1. The claims asserted under 42 U.S.C. § 1983, Title 18, and Federal Rule of Civil Procedure 26 be DISMISSED WITH PREJUDICE;
2. Any state law claim for defamation or libel against defendants be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 18, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

warf.1951